GEORGE A. GUMBY, an Infant, by MARY L. CLAYTON, his Guardian
ad Litem, Appellant, *v.* THE METROPOLITAN STREET RAILWAY
COMPANY, Respondent.

*Negligence — driver of a street car increasing the speed of his horses when in view of
a boy standing between the tracks.*

In an action based on the alleged negligence of a street railroad corporation, proof
that the plaintiff, a boy five years of age, when crossing a city street, in com-
pany with an older brother, stopped in the space between the defendant's tracks
to wait for a wagon to pass, and that the driver of a car, which was then from
twenty to forty feet distant, although there was nothing to obstruct his view,
regardless of the position of the child or the possibility of injury to him, urged
his horses to a rapid rate of speed, with the result that one of them struck and
injured the boy before he had crossed the farthest rail, renders proper the sub-
mission to the jury of the question of the defendant's negligence.

APPEAL by the plaintiff, George A. Gumby, an infant, by Mary
L. Clayton, his guardian *ad litem*, from a judgment of the Supreme
Court in favor of the defendant, entered in the office of the clerk
of the county of New York on the 10th day of January, 1898, upon
the dismissal of the complaint by direction of the court after a trial
at the New York Trial Term.

*M. P. O'Connor*, for the appellant.

*John T. Little, Jr.*, for the respondent.

O'BRIEN, J.:

The complaint in this action was dismissed on the ground that no
negligence on the part of the defendant was shown in connection
with the occurrence which resulted in grave injuries to the infant
plaintiff. On this appeal, which is from the judgment entered on
the dismissal of the complaint, it is necessary only to examine the
record to ascertain whether the action of the court below was right.

It appeared in evidence that on the 22d day of May, 1897, the
plaintiff, an infant of five years of age, in company with an older
boy, about eleven years of age, was crossing Sixth avenue, at the
southerly crosswalk of Third street. It also appeared that they
were passing from the west to the east side of the avenue, and that
there was a wagon proceeding northward on the uptown track of the

defendant's railway. The boys had reached a position in the street between the two tracks. While they were there standing, waiting for the wagon or truck to pass, one of the defendant's cars was approaching, its distance being variously estimated at from twenty to forty feet. There was evidence tending to show that the horses attached to the car were proceeding at a rapid rate. The older boy crossed to the easterly sidewalk in safety. The younger boy, following him, was overtaken and struck by one of the horses drawing the car. The boy had almost reached the easterly rail of the track and was struck by the right hand horse, and sustained injuries which resulted in the loss of his right arm. There was evidence to show that, at the time he was struck, the car was still proceeding at a very rapid rate, and it was also sworn to by two of the witnesses that the driver was urging the horses, striking them on their backs with the reins and thus increasing their speed instead of abating it, as he should have done.

In determining the question of the right to maintain the action, we must, of course, consider the proof in the most favorable light in which it may be viewed for the plaintiff, and so doing it needs no argument to show that the case should have gone to the jury on the question of the defendant's negligence. If the car was from twenty to forty feet away from the boy as he was standing between the tracks with nothing to obstruct the driver's view, and if the driver urged his horses to a rapid rate of speed, regardless of the position of the child and the possibility of injury to him, the inference of negligence is not to be escaped. The boy was at the crosswalk on the southerly side of Third street, and, according to the testimony, the driver of the car was urging his horses to increase their speed at that point, and kept on urging them, apparently without looking to what might be at the crossing in front of him.

No question can be raised here with reference to those casual variations in the versions of different witnesses as to the same occurrence, which are always to be found in cases of this character. The trial judge had nothing to do with the matter of the credibility of witnesses. On the simple issue of the defendant's negligence, it was merely for him to say whether there was any evidence that would support the plaintiff's action; and we think there was enough to carry the case to the jury upon the facts as testified to by all the

witnesses for the plaintiff. The evidence here was of such a character that it would warrant the jury in finding a verdict in favor of the plaintiff on the subject of the defendant's negligence. The question of contributory negligence does not seem to have entered into the decision of the court below; but upon that subject it may be said that if the question was in the case, it was for the jury also to pass upon that, because it cannot be held as matter of law on this record that there was contributory negligence.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and PATTERSON, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.